# UNITED STATED DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CENTER FOR BIOLOGICAL DIVERSITY, ET AL., | ) Case No.: 1:10-cv-2007 (EGS) <br> ) <br> ) **[PROPOSED] ANSWER OF** <br> ) **NATIONAL RIFLE ASSOCIATION** <br> ) **OF AMERICA and SAFARI CLUB** <br> ) **INTERNATIONAL** |
| Plaintiffs | |
| v. | |
| LISA P. JACKSON, ET AL., | ) |
| Defendants, and | ) |
| NATIONAL RIFLE ASSOCIATION OF AMERICA and SAFARI CLUB INTERNATIONAL, | ) |
| Defendant- Intervenor Applicants. | ) |

National Rifle Association of America and Safari Club International ("NRA/SCI") hereby answer the Complaint filed by Plaintiff Center for Biological Diversity, *et al.* (collectively "CBD Plaintiffs") as follows:

1. The allegations in Paragraph 1 are CBD Plaintiffs' characterization of their Complaint and contain conclusions of law to which no response is required. To the extent that any response is required, NRA/SCI denies the allegations of Paragraph 1 of the Complaint.

2. The allegations in the first and second sentences of Paragraph 2 contain conclusions of law to which no response is required. To the extent that Paragraph 2 references statutory provisions, those provisions speak for themselves and are the best evidence of their own content. NRA/SCI lacks sufficient knowledge or

information to form a belief as to the truth of the allegations in the second sentence of Paragraph 2, and on that basis generally denies them. NRA/SCI specifically deny the allegation that "lead still remains widely encountered by wildlife and distributed in the environment from spent lead ammunition and lost lead fishing tackle[,]".

3. NRA/SCI admits that CBD Plaintiffs submitted a Petition to the Environmental Protection Agency ("EPA"). That petition speaks for itself and is the best evidence of its own content. NRA/SCI denies the allegations of Paragraph 3 concerning an "unreasonable risk posed by lead ammunition and fishing tackle" as well as to "the availability of alternatives." The remaining allegations in Paragraph 3 are Plaintiff's characterization of its Petition to Initiate Rulemaking ("Petition"). That Petition speaks for itself and is the best evidence of its own content. To the extent that the allegations of Paragraph 3 state conclusions of law, no response is required. To the extent that any further response is required, NRA/SCI denies the allegations of Paragraph 3.

4. To the extent that the allegations of Paragraph 4 of the Complaint paraphrase and/or characterize a letter and Federal Register Notice, those documents speak for themselves and are the best evidence of their own content. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegation in the first sentence of Paragraph 4, and on that basis NRA/SCI denies those allegations. NRA/SCI admits that the EPA published a Federal Register Notice denying CBD Plaintiffs' petition.

5. To the extent that the allegations of Paragraph 5 of the Complaint paraphrase a letter from EPA to the CBD Plaintiffs, that letter speaks for itself and is the best evidence of its own content. To the extent that any further response is required, NRA/SCI lacks sufficient knowledge or information to form a belief as to the veracity of the allegations of Paragraph 5 of the Complaint, and for that reason NRA/SCI denies those allegations.

6. NRA/SCI admits that the EPA published a Federal Register Notice on November 17, 2010. The remaining allegations of Paragraph 6 of the Complaint attempt to paraphrase and/or characterize that Federal Register Notice and that notice speaks for itself and is the best evidence of its own content.

7. The allegations Paragraph 7 of the Complaint state conclusions of law to which no response is required. NRA/SCI specifically denies that "the Petition clearly demonstrates that the requested regulation is necessary to protect against an unreasonable risk of injury to health or the environment." The final sentence of Paragraph 7 is a reiteration of Plaintiff's prayer for relief in this action to which no response is required. To the extent any allegation in Paragraph 7 is not addressed above, NRA/SCI denies those allegations.

## JURISDICTION AND VENUE

8. The allegations in Paragraph 8 are conclusions of law to which no response is required. To the extent that any further response is required, NRA/SCI denies those allegations.

9. The allegations in Paragraph 9 are conclusions of law to which no response is required. To the extent that any further response is required, NRA/SCI denies those allegations.

## PARTIES

10. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 10, and on that basis NRA/SCI denies those allegations.

11. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 11, and on that basis NRA/SCI denies those allegations.

12. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 12, and on that basis NRA/SCI denies those allegations.

13. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 13, and on that basis NRA/SCI denies those allegations.

14. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 14, and on that basis NRA/SCI denies those allegations.

15. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 15, and on that basis NRA/SCI denies those allegations.

16. NRA/SCI admits that Lisa P. Jackson is the Administrator of the Environmental Protection Agency. The remaining allegations in Paragraph 16 are conclusions of law to which no response is required. To the extent they may be deemed to be factual allegations, NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations and on that basis NRA/SCI denies those allegations.

17. The allegations in Paragraph 17 state conclusions of law to which no response is required. To the extent that the allegations of Paragraph 17 may be deemed to be factual allegations, NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of those allegations and for that reason denies them.

## **STATUTORY BACKGROUND**

18. The allegations in Paragraph 18 constitute conclusions of law, to which no response is required. To the extent that the allegations of Paragraph 18 attempt to paraphrase and/or characterize a federal statute, 15 U.S.C. § 2601(a), that statute speaks for itself and is the best evidence of its content. To the extent that any further response is required, NRA/SCI denies the allegations of Paragraph 18.

19. The allegations in Paragraph 19 constitute conclusions of law, to which no response is required. To the extent that the allegations of Paragraph 19 attempt to paraphrase and/or characterize federal law, 15 U.S.C. § 2601(a) et seq., that law speaks for itself and is the best evidence of its content. To the extent that any further response is required, NRA/SCI denies the allegations of Paragraph 19.

20. The allegations in Paragraph 20 constitute conclusions of law to which no response is required. To the extent that the allegations of Paragraph 20 attempt to paraphrase and/or characterize provisions of a federal statute, 15 U.S.C. §§ 2605(a),(c)(1), those provisions speak for themselves and are the best evidence of their own content. To the extent that any further response is required, NRA/SCI denies the allegations of Paragraph 20.

21. The allegations in Paragraph 21 constitute conclusions of law to which no response is required. To the extent that the allegations of Paragraph 21 attempt to paraphrase and/or characterize a House of Representatives Committee Report, that report speaks for itself and is the best evidence of its own content. To the extent that any further response is required, NRA/SCI denies the allegations of Paragraph 21.

22. The allegations in Paragraph 22 constitute conclusions of law to which no response is required. To the extent that the allegations of Paragraph 22 attempt to paraphrase and/or characterize a federal statute, 15 U.S.C. § 2605(a)(2)(A(i), that statute speaks for itself and is the best evidence of its own content. To the extent that any further response is required, NRA/SCI denies the allegations of Paragraph 22.

23. The allegations in Paragraph 23 constitute conclusions of law to which no response is required. To the extent that the allegations of Paragraph 23 attempt to paraphrase and/or characterize a federal statute, 15 U.S.C. § 2602(2)(A), that statute speaks for itself and is the best evidence of its own content. To the extent

that any further response is required, NRA/SCI denies the allegations of Paragraph 23.

24. The first sentence of Paragraph 24 constitutes a conclusion of law to which no response is required. To the extent that the second sentence of Paragraph 24 attempts to paraphrase and/or characterize a federal regulation, 40 C.F.R. [§] 716.120, that regulation speaks for itself and is the best evidence of its own content. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in sentences 3 through 5 (inclusive) of Paragraph 24, and on that basis NRA/SCI denies them. To the extent that any further response is required, NRA/SCI denies the allegations of Paragraph 24.

25. The allegations in Paragraph 25 constitute conclusions of law to which no response is required. To the extent that the allegations of Paragraph 25 attempt to paraphrase and/or characterize federal statutes, 15 U.S.C. § 2602(B), and 26 U.S.C. § 4181, those statutes speaks for themselves and are the best evidence of their own content. To the extent that any further response is required, NRA/SCI denies the allegations of Paragraph 25

26. NRA/SCI admits that shells and cartridges (as those terms are normally used in relation to firearms) are assembled, and that, depending on the type of shell or cartridge, shot or a bullet will generally be incorporated therein. NRA/SCI admits that shells and cartridges are not defined under TSCA. To the extent that the allegations of Paragraph 26 require any further response, NRA/SCI denies those allegations.

27. To the extent that Paragraph 27 states conclusions of law, no response is required. To the extent that the allegations of Paragraph 27 attempt to paraphrase or characterize Internal Revenue Service ("IRS") rulings and other documents, those rulings and documents speak for themselves and are the best evidence of their own content. To the extent that any further response is required, NRA/SCI denies those allegations of Paragraph 27.

28. To the extent that Paragraph 28 states conclusions of law, no response is required. To the extent Paragraph 28 attempts to paraphrase and/or characterize the content of IRS Rev. Rul. 68-463, 1968-2 C.B. 507 or the legislative history of TSCA, those documents speak for themselves and are the best evidence of their own content. To the extent that any further response is required, NRA/SCI denies the allegations of Paragraph 28.

29. Paragraph 29 states conclusions of law to which no response is required. To the extent that the allegations of Paragraph 29 attempt to paraphrase and characterize portions of the legislative history regarding TSCA, the documents composing the legislative history speak for themselves and are the best evidence of their own content. To the extent that the allegations of Paragraph 29 require any further response, NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations, and therefore deny them.

30. To the extent that the allegations of paragraph 30 attempt to paraphrase and characterize a Senate Report regarding TSCA, that report speaks for itself and is

the best evidence of its own content.  To the extent Paragraph 30 states conclusions of law, no further response is required.  To the extent that any further response is required to the allegations of Paragraph 30, NRA/SCI denies those allegations.

31. To the extent that the allegations of Paragraph 31 state conclusions of law, no further response is required.  To the extent that the allegations of paragraph 31 attempt to paraphrase and/or characterize several sections of TSCA, those statutory sections speak for themselves and are the best evidence of their own content.  To the extent that any further response is required to the allegations of Paragraph 31, NRA/SCI denies those allegations.

## FACTUAL BACKGROUND

### a. Toxicity of Lead

32. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations Paragraph 32, and denies the allegations on that basis. Moreover, the allegations of Paragraph 32 are extremely broad and general and are not supported by any documentary evidence or other justification.

33. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations Paragraph 33, and denies the allegations on that basis. Moreover, the allegations of Paragraph 33 are extremely broad and general and are not supported by any documentary evidence or justification.  NRA/SCI admits that lead-based ammunition is traditionally used for hunting, and that fired lead projectiles cannot always be recovered by hunters.

34. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 34, and denies the allegations on that basis. Moreover, the allegations of Paragraph 34 are extremely broad and general and are not supported by any documentary evidence or justification. NRA/SCI admits that fishing implements are sometimes lost while in use.

35. To the extent that the allegations of Paragraph 35 attempt to paraphrase and/or characterize the contents of "extensive documentation" and "scientific literature[;]" such material speaks for itself and is the best evidence of its own content. NRA/SCI lacks sufficient knowledge or information about the allegations of Paragraph 35 to form a belief as to their veracity and for that reason NRA/SCI denies those allegations.

36. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 36, and on that basis NRA/SCI denies those allegations.

37. To the extent that the allegations in of the first sentence of Paragraph 37 attempt to paraphrase and/or characterize the contents of a "federal requirement" and "similar restrictions[;]" such authorities speak for themselves and are the best evidence of their own content. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the remainder of Paragraph 37, and on that basis NRA/SCI denies those allegations.

38. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 38, and on that basis NRA/SCI denies those allegations.

39. NRA/SCI denies that hunters properly using and handing lead-based ammunition are at any significant risk of lead poisoning.

40. NRA/SCI denies that eating properly prepared meat harvested with lead-based ammunition creates any significant risk regarding lead exposure

41. To the extent that the allegations of the first sentence of Paragraph 41 attempt to paraphrase and/or characterize the contents of a study of "100 randomly sampled packages of meat[;]" that study (including its data) speaks for itself and is the best evidence of its own content.  NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of Paragraph 41, and on that basis NRA/SCI denies those allegations.

42. NRA/SCI admits that non-lead projectiles are available in some, but not all, calibers and configurations currently used by hunters.  NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations of Paragraph 42 as to the availability of "non-lead" fishing tackle, and on that basis NRA/SCI denies those allegations.  NRA/SCI specifically denies that "[t]here is no technological or commercial reason why nontoxic ammunition and fishing tackle with comparable effectiveness should not be substituted for their lead counterparts."

43. NRA/SCI admits some states require that "nontoxic" ammunition be used when using a shotgun to hunt upland game birds. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations of the first sentence of Paragraph 43, and on that basis NRA/SCI denies those allegations. NRA/SCI denies the remaining allegations in Paragraph 43.

44. To the extent that the first sentence of Paragraph 44 attempts to paraphrase and/or characterize a "long held" "position" of the EPA, the EPA's statement of such position is the best evidence of its own content. NRA/SCI lacks sufficient knowledge and/or information to form a belief as to the veracity of the allegations of Paragraph 44, and for that reason, NRA/SCI denies those allegations.

   **b.  Petition to ban lead in shot, bullets, and fishing sinkers.**

45. NRA/SCI admits the allegations in Paragraph 45.

46. To the extent that the allegations of Paragraph 46 attempt to paraphrase and/or characterize the contents of the August 3, 2010 petition, that document speaks for itself and is the best evidence of its own content. NRA/SCI denies all remaining allegations in Paragraph 46, other than the fact that the CBD Plaintiffs filed a petition.

47. NRA/SCI admits the allegations in the first sentence of Paragraph 47. To the extent that the allegations of Paragraph 47 attempt to paraphrase and/or characterize the August 3, 2010 petition filed by CBD Plaintiffs, that petition speaks for itself and is the best evidence of its own content. NRA/SCI admits the petition states "that not all products available in lead are currently available as

nontoxic alternatives[,]" but NRA/SCI denies the remaining allegations in Paragraph 47.

48. To the extent that the allegations of Paragraph 48 attempt to paraphrase and/or characterize EPA documents, those documents speak for themselves and are the best evidence of their own content. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 48, and on that basis NRA/SCI denies those allegations.

49. To the extent that the allegations of Paragraph 49 attempt to paraphrase and/or characterize an August 18, 2010 letter, that letter speaks for itself and is the best evidence of its own content. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 49, and on that basis, NRA/SCI denies those allegations.

50. To the extent that the allegations of Paragraph 50 attempt to paraphrase and/or characterize an August 27, 2010 letter, that letter speaks for itself and is the best evidence of its own content. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 50, and on that basis NRA/SCI denies them.

51. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 51, and on that basis NRA/SCI denies those allegations.

52. To the extent that the allegations of Paragraph 52 attempt to paraphrase and/or characterize the September 24, 2010 Federal Register Notice, that document

speaks for itself and is the best evidence of its own content. NRA/SCI admits that the Federal Register notice was published.

53. To the extent that the allegations of Paragraph 53 attempt to paraphrase and/or characterize a November 4, 2010 notice, that notice speaks for itself and is the best evidence of its own content. NRA/SCI lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 53, and on that basis NRA/SCI denies those allegations.

54. To the extent that the allegations of Paragraph 54 attempt to paraphrase and/or characterize a November 17, 2010 Federal Register notice, that notice speaks for itself and is the best evidence of its own content. NRA/SCI admits that the EPA published the Federal Register notice on November 17, 2010.

## CAUSE OF ACTION

### (TSCA Citizen's Petition Denial)

55. NRA/SCI incorporates by reference, as if fully set forth herein, its foregoing responses to each and every allegation of the Complaint.

56. To the extent that Paragraph 56 paraphrases and/or characterizes TSCA, that statute speaks for itself and is the best evidence of its own content. To the extent that the allegations of Paragraph 56 state conclusions of law, no response is required. To the extent that any further response is required, NRA/SCI denies all remaining allegations of Paragraph 56.

57. To the extent that Paragraph 57 attempts to paraphrase and/or characterize 15 U.S.C. § 2620(4)(B)(ii), that statute speaks for itself and is the best evidence of its

own content. To the extent that the allegations of Paragraph 57 state conclusions of law, no response is required. To the extent that any further response is required, NRA/SCI denies all the remaining allegations of Paragraph 57.

58. The allegation in Paragraph 58 is a conclusion of law to which no response is required. To the extent that any response is required, NRA/SCI denies the allegation of Paragraph 58.

NRA/SCI denies each and every allegation not previously admitted.

## REQUEST FOR RELIEF

NRA/SCI denies that CBD Plaintiffs are entitled to the relief set forth in the Complaint or to any relief whatsoever based on any claim raised in the Complaint.

## AFFIRMATIVE DEFENSES

1. Plaintiffs lack standing to pursue their Cause of Action.

2. The Court lacks subject matter jurisdiction over Plaintiffs' claims.

3. Plaintiffs' Cause of Action is not justiciable because it is not ripe for judicial review.

4. Plaintiffs cannot pursue their claims because, prior to bringing this action, Plaintiffs failed to exhaust administrative remedies.

5. Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

6. Plaintiffs' Cause of Action is barred by the applicable statute of limitations.

7. Plaintiffs' Cause of Action is barred by the doctrine of laches.

8. NRA/SCI reserves the right to assert additional defenses.

Dated: February 2, 2011

Respectfully Submitted,

/s/ Anna M. Seidman
Anna M. Seidman
D.C. Bar # 417091
Safari Club International
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202)-543-8733
Facsimile: (202)-543-1205
aseidman@safariclub.org

William J. McGrath
D.C. Bar # 992552
*(D.C. District Court application pending)*
Safari Club International
501 2nd Street N.E.
Washington, D. C. 20002
Telephone: (202)-543-8733
Facsimile: (202)-543-1205
wmcgrath@safariclub.org

Attorneys for Proposed Defendant-Intervenor
Safari Club International

C. D. Michel
Cal. Bar # 144258
(*pro hac vice application forthcoming*)
MICHEL & ASSOCIATES, P.C.
180 E. Ocean Boulevard, Suite No. 200
Long Beach, CA 90802
Telephone:   (562) 216-4444
Facsimile:   (562) 216-4445
cmichel@michelandassociates.com

Christopher A. Conte
D.C. Bar No. 430480
NRA/ILA
11250 Waples Mill Rd., 5N
Fairfax, VA 22030
Telephone: (703) 267-1166
cconte@nrahq.org

Attorneys for Proposed Defendant-Intervenor
National Rifle Association