**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

```
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯
                                    )
CENTER FOR BIOLOGICAL               )
DIVERSITY, et al.,                  )
                                    )
              Plaintiffs,           )  Civil Action No. 10-2007 (EGS)
         v.                         )
                                    )
LISA P. JACKSON, et al.,            )
                                    )
              Defendants.           )
⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯)
```

<u>**ORDER**</u>

Pending before the Court are [44] plaintiffs' Motion for Voluntary Dismissal and [43] intervenor-defendant Association of Battery Recyclers' ("ABR") Motion to Hold in Abeyance. Defendants Lisa P. Jackson and the Environmental Protection Agency ("EPA"), as well as intervenor-defendants National Rifle Association and Safari Club, consent to plaintiffs' Motion for Voluntary Dismissal. Intervenor-defendants ABR and National Shooting Sports Foundation, Inc. oppose the Motion for Voluntary Dismissal; only ABR filed an opposition. Upon consideration of both motions, the oppositions and replies thereto, the relevant case law, and the entire record in this case, and for the reasons stated below, the Court hereby **GRANTS** [44] plaintiffs' Motion for Voluntary Dismissal. The Court declines, in its discretion, to award attorneys' fees and costs to defendants or

intervenor-defendants.  Further, the Court **DENIES AS MOOT** [43] intervenor-defendant ABR's Motion to Hold in Abeyance.

Once an opposing party has filed an answer, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2).  A court applying Rule 41(a)(2) must consider (1) whether the plaintiff seeks the motion for voluntary dismissal in good faith, and (2) whether the dismissal would cause the defendant "legal prejudice." *In re Vitamins Antitrust Litig.*, 198 F.R.D. 296, 304 (D.D.C. 2000).  In determining whether a defendant would suffer legal prejudice by a voluntary dismissal, the Court considers factors such as (1) the defendant's trial preparation efforts; (2) excessive delay or lack of diligence by plaintiff in prosecuting the action; (3) the adequacy of the plaintiff's explanation for voluntary dismissal; and (4) the stage of the litigation at the time the motion to dismiss is made, specifically whether a motion for summary judgment is pending. *See Johnson v. Wynne*, 239 F.R.D. 283, 286 (D.D.C. 2006); *In re Vitamins*, 198 F.R.D. at 304.  Courts generally grant dismissals under Rule 41(a)(2) "unless the defendant would suffer prejudice other than the prospect of a second lawsuit or some tactical disadvantage." *Conafay v. Wyeth Labs.*, 793 F.2d 350, 353 (D.C. Cir. 1986); *see also Kellmer v. Raines*, No. 09-5253, 2012 U.S. App. LEXIS 6746, at *8 (D.C. Cir. Mar. 30, 2012)

("In order to deny a motion for voluntary dismissal, a district court must find that dismissal will inflict clear legal prejudice on a defendant." (internal citation omitted)).

ABR does not argue that plaintiffs seek voluntary dismissal in bad faith, nor does ABR argue that any of the factors demonstrating legal prejudice are present in this litigation, which is at a relatively early stage.  ABR's sole argument is that plaintiffs may file a new legal challenge in this same Court, against the same parties, on the same issues.[1]  The prospect of a second lawsuit does not constitute legal prejudice and cannot be the basis for denying a motion for voluntary dismissal.  *See Conafay*, 793 F.2d at 353; *Pharm. Care Mgmt.*

---

[1] The instant suit is based upon plaintiffs' challenge to the EPA's denial of their August 2010 petition ("first petition") requesting a rulemaking to restrict the use of lead in ammunition and fishing tackle under the Toxic Substances Control Act, 15 U.S.C. §§ 2601 *et seq.* ("TSCA").  Two of the plaintiff organizations in this case, as well as a third conservation organization, filed another petition in November 2011 ("second petition") seeking a rulemaking to protect against the risks of lead fishing tackle ingested by wildlife.  The EPA denied the second petition on February 14, 2012.  ABR argues that because plaintiffs may file a new lawsuit challenging the denial of their second petition, this Court should not grant the motion to voluntarily dismiss and should instead hold this case in abeyance.

On April 24, 2012, the EPA filed a Notice to inform the Court that the 60-day deadline for plaintiffs to challenge the second petition lapsed as of April 16, 2012, and no complaint has been filed regarding that petition.  *See* Docket No. 51.  However, because ABR has not withdrawn its Motion to Hold in Abeyance or its Opposition to the Motion to Voluntarily Dismiss, this Court treats them as pending.

*Ass'n v. District of Columbia*, 796 F. Supp. 2d 93, 97 (D.D.C. 2011); *Hisler v. Gallaudet Univ.*, 344 F. Supp. 2d 29, 37 (D.D.C. 2004). The Court therefore finds that dismissal would not inflict legal prejudice upon defendants or intervenor-defendants.

ABR alternatively argues that if the Court allows plaintiffs to voluntarily dismiss this case, dismissal should be conditioned upon plaintiffs' payment of the defendants' and intervenor-defendants' attorneys' fees. One of the "terms" upon which a court may condition dismissal is the payment of the defendant's attorneys' fees and costs. *See Taragan v. Eli Lilly & Co.*, 838 F.2d 1337, 1340 (D.C. Cir. 1988). The purpose of the provision authorizing the Court to dismiss a case "on terms that the court considers proper" is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's premature dismissal. *GAF Corp. v. Transamerica Ins. Co.*, 665 F.2d 364, 369 (D.C. Cir. 1981). Attorneys' fees may be awarded where "costs were undertaken unnecessarily." *Id.* at 367.

The Court's discretion in imposing terms and conditions is "limited to those conditions that will alleviate the harm (other than tactical disadvantage) that the defendant will suffer if the motion is granted." *Hisler*, 344 F. Supp. 2d at 38-39; *see also In re Vitamins*, 198 F.R.D. at 305. In *Hisler*, the parties had engaged in discovery for over a year and had filed motions

4

for summary judgment before the plaintiff filed a motion for
voluntary dismissal.  344 F. Supp. 2d at 34-35.  The court
concluded that because the parties were "on the eve of trial"
and "defendants had incurred substantial expense prior to [the]
dismissal motion," the potential burdens of re-litigation could
be alleviated by conditioning plaintiff's dismissal *only* on "the
payment of costs for work and effort incurred in the first case
that would not be of use in the second," and *only if* plaintiff
later re-filed the claim.  *Id.* at 39 (internal citations
omitted); *see also In re Vitamins*, 198 F.R.D. at 304 (internal
citations omitted).  By contrast, ABR's work-product in this
case is limited to a motion to intervene, an answer to the
complaint, and an approximately 2-page reply in support of the
other defendants' and intervenor-defendants' motions for partial
dismissal.  *See* Docket Nos. 8, 17, and 31.  The substantial
expenses that persuaded the court to condition dismissal upon
repayment of fees in *Hisler* simply do not exist here.  The Court
is not persuaded that ABR's costs in this litigation were
undertaken unnecessarily.[2]

---

[2] The Court is also not persuaded that defendants and intervenor-
defendants are entitled to attorneys' fees because plaintiffs
"should have known that their legal challenge [to the EPA's
denial of the First Lead Shot Petition] was too late because it
was brought more than 60 days after EPA denied the First Lead
Shot Petition."  ABR Opp'n at 5.  The fact that the Court
granted defendants' and intervenor-defendants' partial motions
to dismiss the portion of this case related to lead shot does

In addition to arguing that the Court should decline to award attorneys' fees under Rule 41(a)(2), plaintiffs argue that intervenor-defendants should not be awarded attorneys' fees because they intervened on behalf of the federal government, which was capable of representing the interests of the general public.  Therefore plaintiffs argue that TSCA's fee-shifting provision does not apply to intervenor-defendants.  Pls.' Reply at 4-6.  Because the Court declines to award attorneys' fees and costs based upon its discretion under Federal Rule of Civil Procedure 41(a)(2), the Court need not reach the issue of whether intervenors are eligible for attorneys' fees under TSCA.

Accordingly, it is hereby **ORDERED** that [44] plaintiffs' Motion for Voluntary Dismissal is **GRANTED;** and it is

**FURTHER ORDERED** that plaintiffs' claims are **DISMISSED**; and it is

**FURTHER ORDERED** that [43] intervenor-defendant ABR's Motion to Hold in Abeyance is **DENIED AS MOOT.**

**SO ORDERED.**

**SIGNED:    Emmet G. Sullivan**
            **United States District Court Judge**
            **April 30, 2012**

---

not render the plaintiffs' challenge unnecessary. *See SBM Wageneder Gesellschaft, M.B.H. v. American Arbitration Association*, 113 F.R.D. 659, 663 (D.D.C. 1987) ("To condition a voluntary dismissal on an award of fees, the case law requires that defendant's efforts must have been unnecessary, not that the plaintiff must prevail.").